IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., § | | |
| as Certificate Trustee Not in its Individual § | | |
| Capacity but Solely as Certificate Trustee, § | | |
| in Trust for Registered Holders of VNT § | | |
| Trust Series 2010-2, § | | |
| § | | |
| Plaintiff, § | No. 3:12-CV-1746-N (BF) | |
| § | | |
| v. § | | |
| § | | |
| LARRY SAMPLES, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this civil action to the United States Magistrate Judge for pretrial management. Plaintiff Wells Fargo Bank, N.A., as Certificate Trustee Not in its Individual Capacity but Solely as Certificate Trustee, in Trust for Registered Holders of VNT Trust Series 2010-2 ("Wells Fargo") has filed a Second Motion for Final Summary Judgment. For the reasons stated herein, the District Court should grant Wells Fargo's summary judgment motion in part.

**Background**

This lawsuit arises out of foreclosure proceedings initiated by Wells Fargo against Defendant Larry Samples's ("Samples") home in Maypearl, Texas (the "Property"). Samples purchased the Property in 2005 with money loaned to him by Colorado Federal Savings Bank ("CFSB"), but he defaulted on his mortgage loan in or around June 2010. *See* Pl. MSJ App., Ex. A at 2, ¶¶ 5, 7; *see also id.* Ex. A-1 & Ex. B-1, RFA No. 10. On June 28, 2011, Samples filed a lawsuit to quiet title

in the Property against Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee for CFSB, in the 40th Judicial District Court of Ellis County, Texas (the "State Court Lawsuit"). *See id.*, Ex. C-1. Samples obtained a default Order of judgment (the "Judgment") in his favor in the State Court Lawsuit on September 16, 2011. *See id.*, Ex. C-2.

Contemporaneous with the filing of the State Court Lawsuit, Franklin Credit Management Corporation ("Franklin Credit"), the mortgage servicer for Samples's mortgage loan, sent Samples a notice of default and intent to accelerate dated July 7, 2011. *See id.*, Ex. A at 2-3, ¶¶ 6, 7; Ex. A-10. Franklin Credit subsequently sent Samples a notice of acceleration dated May 2, 2012. *Id.*, Ex. A at 3, ¶¶ 8, 9; Ex. A-12. On June 5, 2012, Wells Fargo filed the instant lawsuit claiming that it is the current owner and holder of Samples's mortgage and asserting claims for (1) suit on the note; (2) breach of contract; and (3) foreclosure of a vendor's lien. Samples, who is proceeding *pro se*, responds that Wells Fargo's lawsuit is barred by the preclusive effect of the Judgment entered in his favor in the State Court Lawsuit. Wells Fargo has now filed a motion for summary judgment as to all of its claims and causes of action. The issues have been fully briefed, and the motion is ripe for determination.

**Legal Standards**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id.* (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)). By contrast, a

2

movant who bears the burden of proof at trial must establish "beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## Analysis

The court initially considers Samples's argument that all of Wells Fargo's claims are barred, under the doctrine of *res judicata*, by the Judgment entered on September 16, 2011 in the State Court Lawsuit brought by Samples against MERS. *Res judicata* is an affirmative defense as to which Samples bears the burden of proof. FED. R. CIV. P. 8(c); *Transp. Concepts, Inc. v. San Francisco French Bread Co.* No. 3:3-98-CV-1052-D, 2000 WL 1175642, at *1 (N.D. Tex. Aug. 17, 2000). Where, as here, a party claims a suit is barred by a state court judgment in a prior lawsuit, the court applies state law. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 756 (5th Cir. 1996). Under Texas law, "*res judicata*, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996) (citing *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992)). To prevail on the defense, the proponent must prove: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of the parties or those in privity with

them, and (3) a second action based on the same claims as were raised or should have been raised in the first action. *Jones*, 82 F.3d at 1338 (citing *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979)).

Here, Samples's defense fails on the first element. There is no prior final judgment on the merits by a court of competent jurisdiction that would preclude Wells Fargo's claims. Although Samples relies on the September 16, 2011 Judgment entered in his favor in the State Court Lawsuit, the state court vacated that Judgment on May 23, 2014. Pl. MSJ Supp. App., Ex. A-1. Indeed, the Order vacating the Judgment expressly states:

> the default judgment entered against MERS on September 16, 2011 . . . in favor of [Samples] is hereby *vacated in its entirety and of no effect* because MERS was not properly served with citation and a copy of the Petition.

Pl. Supp. App. (Doc. 51) at 2 (emphasis added). A judgment that has been vacated by the trial court has no *res judicata* or preclusive effect. *See In re Baron*, --- F. App'x ----, No. 14-10092, 2014 WL 7251031, at *3 (5th Cir. Dec. 22, 2014) (noting that district court "negated any preclusive effect" of an order when it vacated that order); *see also Hudson v. C.I.R.*, 71 F.3d 877, 1995 WL 725812, at *3 (5th Cir. Nov. 13, 1995) (citing *Hicks v. Quaker Oats Co.*, 662 F.2d 1158, 1168 (5th Cir. Unit A, 1981)) ("When a trial court's judgment is vacated, reversed, or set aside by an appellate court, collateral estoppel will not preclude relitigation of the trial court's conclusions of law or findings of fact."). Therefore, Wells Fargo's claims in this lawsuit are not barred by the doctrine of *res judicata*.

The court next considers Wells Fargo's claim for suit on the note. Under Texas law, a plaintiff who sues for recovery on a promissory note must prove (1) the note in question, (2) that the defendant signed it, (3) that the plaintiff was the legal owner and holder of the note, and (4) that a

certain balance is due and owing on the note. *Truestar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W.3d 316, 319 (Tex. App. -- Dallas 2010, no pet.). In this case, Wells Fargo's summary judgment evidence establishes that Samples executed an Adjustable Rate Note (the "Note") dated March 31, 2005 in favor of CFSB in the amount of $86,500.00, as well as a Deed of Trust granting a lien on the Property to secure the Note. *See* Pl. MSJ App., Ex. A-1, A-2; *see also id.* Ex. B-1, RFA Nos. 1, 2, 4, 5 & 6.[1] The Deed of Trust names MERS as CFSB's nominee and the beneficiary under the Deed of Trust. *Id.*, Ex. A-2; Ex. B-1, RFA No. 7. CFSB endorsed the Note to Franklin Credit, *id.* at 13, and MERS, as CFSB's nominee, assigned the Deed of Trust to Franklin Credit, *id.*, Ex. A-4. Franklin Credit then transferred the Note and Deed of Trust to The Huntington National Bank as Certificate Trustee of Franklin Mortgage Asset Trust 2009-A, *id.*, Ex. A-5 & A-8, which in turn transferred the Note and Deed of Trust to Wells Fargo, *id.*, Ex. A-6 & A-9. Each of the assignments was recorded in the Ellis County Real Property Records on August 16, 2011. *Id.*, Ex. A-4, A-5, A-6. Wells Fargo is the current owner and holder of the Note, *id.*, Ex. A-1 at 8, ¶ 15; Ex. B-1, RFA Nos. 3, 8, and its counsel produced the original Note and all the endorsements thereto for the court's inspection at a status conference held on March 5, 2014. Samples has not tendered any payments on the Note since July 2010. *Id.*, Ex. A-1 at 6-7, ¶ 7; Ex. B-1, RFA Nos. 10, 14. As of May 2, 2012,

---

[1] Federal Rule of Civil Procedure 36 allows a party to request from any other party admissions to a broad range of factual matters. FED. R. CIV. P. 36(a)(1); *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Under the rule, a party served with a request for admission has 30 days to answer or object to the request. FED. R. CIV. P. 36(a)(3). If a party fails to timely respond, the matter is deemed admitted and is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). If the request for admission concerns an essential issue, the failure to respond to the request can result in a grant of summary judgment against the non-responding party. *See Carney*, 258 F.3d at 420 n.6 (collecting cases that grant summary judgment on basis of deemed admissions). On December 28, 2012, Wells Fargo served Samples with requests for admissions by certified mail and first class mail. Plf. MSJ App. at 86, ¶ 4. Samples failed to answer or object to the requests, nor did he make any effort to avoid the consequences of his failure to timely respond by moving to amend or withdraw the admissions. The matters to which the requests are directed are thus deemed admitted as a matter of law. *See Carney*, 258 F.3d at 420; *see also Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006) (applying Rule 36 against *pro se* litigant).

more than $110,000.00 was due and owing on the Note, *id.*, Ex. B-1, RFA Nos. 18, 20, 21, and by December 6, 2012, the total amount owed on the Note was $117, 334.61, *id.*, Ex. A-1 at 7, ¶ 7. Samples fails to offer any argument -- much less evidence -- to refute any of these facts. The uncontroverted evidence thus establishes beyond peradventure all of the essential elements of Wells Fargo's claim for suit on the note, and Wells Fargo is entitled to summary judgment on that claim.

Wells Fargo is also entitled to summary judgment on its claim for breach of contract. To prevail on a claim for breach of contract under Texas law, a plaintiff must prove (1) the existence of a valid contract, (2) that the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff was damaged as a result of the breach. *See, e.g., Barnett v. Coppell N. Tex. Court, Ltd.*, 123 S.W.3d 804, 815 (Tex. App. -- Dallas 2003, pet. denied). The uncontroverted evidence establishes that the Note and Deed of Trust are valid and enforceable contracts between Samples and Wells Fargo, as the successor to CFSB and MERS; that CFSB performed by lending Samples money to purchase the Property; that Samples breached the Note and Deed of Trust by failing to make the required payments; and that Wells Fargo has been damaged because it has not receive a loan payment from Samples since July 2010. Pl. MSJ App. at 6-7, ¶ 7; Ex. B-1, RFA Nos. 10, 11, 14, & 21. The Deed of Trust gives the "Lender" authority to invoke the power of sale by non-judicial foreclosure as a remedy for a breach of the Deed of Trust. *Id.*, Ex. A-2 at 18 & 25, ¶ 22. It also provides that the Lender shall be entitled to collect all expenses incurred in pursuing its remedies, including reasonable attorneys' fees. *Id.* at 25, ¶ 22. The Deed of Trust defines "Lender" as CFSB and "any holder of the Note who is entitled to receive payments under the Note." *Id.* at 16. Wells Fargo is the holder of the Note, and it has the authority to foreclose and collect attorneys' fees. *Id.*, Ex. B-1, RFA Nos. 9, 22, 23. Again, Samples fails to offer any evidence

6

to refute any of these facts. Because there is no genuine dispute of material fact as to Wells Fargo's claim for breach of contract, it is entitled to summary judgment on this claim and an order allowing foreclosure and an award of attorneys' fees.

Finally, Wells Fargo moves for summary judgment on its claim for foreclosure of a vendor's lien that was purportedly retained in the deed to Samples from the prior owners of the Property. *See* Pl. MSJ Br. at 5. The only evidence of the vendor's lien, however, is a representation on the last page of the Deed of Trust that "[t]he Note also is primarily secured by the vendor's lien retained in the deed of even date with this Security Instrument conveying the Property to Borrower, which vendor's lien has been assigned to Lender, this Security Instrument being additional security for such vendor's lien." Pl. MSJ App., Ex. A-2 at 26. The deed itself is not in evidence. On the record before it, the court cannot determine that Wells Fargo has established *beyond peradventure* that it is entitled to enforce any vendor's lien through foreclosure. Wells Fargo's motion for summary judgment on its claim for foreclosure of a vendor's lien should be denied.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court GRANT in part and DENY in part Wells Fargo's Second Motion for Final Summary Judgment (Doc. 46). Wells Fargo's motion should be granted with respect to its claims for suit on the note and breach of contract. Wells Fargo is entitled to an order allowing foreclosure and an award of attorneys' fees. In all other respects, the motion should be denied.

SO RECOMMENDED, February 12, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).